**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT BERGMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-00313-SPM |
| | ) | |
| DE SMET JESUIT HIGH SCHOOL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Plaintiff's Motion for Leave to Voluntarily Dismiss Action Without Prejudice or, in the Alternative, to Amend His Complaint. (ECF No. 17). The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 12). For the following reasons, the Court will grant Plaintiff's motion to dismiss this action without prejudice.

**I.    BACKGROUND**

Plaintiff Robert Bergman filed this action in the Circuit Court of St. Louis County, State of Missouri, on February 14, 2025, asserting one count of breach of contract under Missouri law; one count of discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*; and one count of retaliation under the ADEA. ECF No. 6. ECF No. 6. On March 13, 2025, Defendant De Smet Jesuit High School, Inc., removed the case to this Court on the basis of federal question jurisdiction. ECF No. 1. On April 4, 2025, Defendant filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. Defendant argued that Plaintiff's claims should be dismissed, or in the alternative that summary judgment should be entered in Defendant's favor, because the First Amendment's "ministerial exception" bars each of his claims.

1

On April 11, 2025, after the parties filed a joint proposed scheduling plan and the Court held a conference pursuant to Fed. R. Civ. P. 16, the Court entered a Preliminary Case Management Order. ECF No. 16. The Court construed Defendant's motion as a motion for summary judgment and not a motion to dismiss. Because it appeared likely that Plaintiff would need time to conduct discovery before responding to the motion, the Court set a deadline for Plaintiff to file either a response to the motion or a motion pursuant to Fed. R. Civ. P. 56(d) asking the Court to defer ruling on the motion to allow Plaintiff time to conduct discovery. The Court also stayed all discovery and initial disclosures until further order of the Court.

On April 18, 2025, Plaintiff filed the instant motion, asking the Court to dismiss this case pursuant to Fed. R. Civ. P. 41(a)(2) or, in the alternative, grant Plaintiff leave to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2) to remove his federal claims. ECF No. 17. Defendant filed an opposition, arguing that the motion should be denied or, in the alternative, that a dismissal should be conditioned upon Plaintiff's either immediately paying Defendant's attorney's fees and costs to date or paying such fees and costs in the event that he refiles any of his claims. Plaintiff has filed a reply.

## II.   DISCUSSION

### A.  Plaintiff's Request for a Voluntary Dismissal Without Prejudice

The Court first considers whether to grant Plaintiff's motion to voluntarily dismiss this case without prejudice. Under Rule 41(a)(2), after an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss an action without the agreement of all parties "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A district court has discretion in deciding whether to allow a plaintiff to voluntarily dismiss an action under Rule 41(a)(2). *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017). The purpose of Rule

41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side," and "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)). "When ruling on a Rule 41(a)(2) motion, district courts must consider 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). The Court considers each of these factors below.

### 1. *Proper Explanation*

First, the Court considers whether Plaintiff has presented a proper explanation for his desire to dismiss the case. In his motion, Plaintiff states that he seeks to refile this action in Missouri state court with claims arising solely under Missouri law. He argues that he is the master of his claim and may avoid federal jurisdiction by relying exclusively on state law. In his reply, Plaintiff further states that he seeks dismissal and refiling in state court to streamline this litigation. Plaintiff states that although his federal claims are meritorious, litigating them would require extensive discovery and wading into complex legal issues, whereas his state law breach of contract claim is straightforward. He argues that abandoning the federal claims will benefit both parties.[1] Defendant argues that Plaintiff's reasons for dismissal are improper because he is using voluntary dismissal as an avenue for seeking a more favorable forum, which is impermissible. Defendant also argues

---

[1] Although it would have been preferable for Plaintiff to have provided all of these reasons in his motion rather than in his reply brief, the Court finds that it may consider the reasons presented in the reply brief because Plaintiff offered them in response to Defendant's arguments against granting the motion. *See Blaes*, 858 F.3d at 516 (holding it was not improper for the district court to consider reasons for a voluntary dismissal offered in a reply brief because the plaintiff was responding to the defendant's arguments against granting the motion).

that Plaintiff is improperly attempting to escape an adverse decision on Defendant's summary judgment motion.

The Eighth Circuit's "settled rule is that a plaintiff seeking voluntary dismissal without prejudice must give a reason other than 'merely to seek a more favorable forum.'" *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1029 (8th Cir. 2022) (quoting *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021)). However, the Eighth Circuit has also made it clear that a plaintiff's preference for a different forum is not fatal to a voluntary dismissal without prejudice. In *Tillman*, the Court noted that that "an attorney who files a voluntary dismissal motion for the purpose of refiling the lawsuit elsewhere of course believes the alternative venue would be 'more favorable,'" and it has "decline[d] to adopt a theory that would effectively preclude every motion to dismiss without prejudice." *Id.* It suggested that in a removed case involving a voluntary motion to dismiss, both parties are engaged in "forum shopping" in some sense: the plaintiff "began the suit in state court rather than federal court, exercising a plaintiff's time-honored right to choose when more than one forum has jurisdiction over his claims," the defendant then removed the case to federal court, "exercising a limited statutory right of 'forum shopping,'" and the plaintiff then sought to return the case to his original chosen forum. *Id.* The court found that the issue of whether to grant a Rule 41(a)(2) motion "should be decided on the merits, not by name-calling." *Id.* Addressing the merits of the motion before it, the Eighth Circuit found that the plaintiff had provided reasons for the dismissal other than forum shopping and that those reasons, in conjunction with the other relevant factors, supported the district court's decision to grant the dismissal without prejudice. *Id.* at 1029-31.

Here, as in *Tillman*, the Court finds that Plaintiff has presented a proper explanation for his desire to dismiss the case that is not merely forum shopping: his desire to streamline the litigation

and focus principally on the breach of contract claim, which is less legally and factually complex than the federal claims. Based on the Court's review of the record, including Defendant's summary judgment motion, this explanation appears to have a reasonable legal and factual basis.

The Court is not persuaded by Defendant's suggestion that Plaintiff is improperly attempting to escape an adverse decision on Defendant's summary judgment motion. The Court acknowledges that "[w]hen the federal case has progressed to the point where a decision adverse to a plaintiff is imminent . . .,  a party is not permitted to dismiss merely to escape an adverse decision." *Tillman*, 33 F.4th at 1029. Here, however, no decision adverse to Plaintiff is imminent. Defendant has filed a motion for summary judgment, but that motion has not been fully briefed, and its merits have not been considered by the Court. Indeed, as discussed at the Rule 16 conference, there is a significant possibility that if this case were to remain in federal court, the Court would likely delay briefing and ruling on the motion to permit Plaintiff time to conduct the discovery necessary for Plaintiff to respond to the motion.

### 2. *Waste of Judicial Time and Effort*

The Court next considers whether a dismissal would result in a waste of judicial time and effort. This case was removed to federal court on March 13, 2025, and Plaintiff filed the instant motion just over a month later, on April 18th. The Court has expended very little time and effort on the case at this point—just holding one scheduling conference and entering a preliminary case management order. The Court has stayed discovery and has not ruled on any discovery disputes or any motions. Although Defendant filed a motion for summary judgment, that motion has not been briefed, and the Court has not spent time considering the legal and factual issues raised therein. A voluntary dismissal at this early stage would not result in any significant waste of judicial time or effort.

### 3.  Prejudice to Defendant

Finally, the Court considers whether granting the requested voluntary dismissal will prejudice Defendant. In this context, "Legal prejudice is more than the fact that a defendant might have to defend another action." *Blaes*, 858 F.3d at 513. Additionally, "Neither 'the expense and effort of drafting and responding to discovery' nor the loss of a tactical advantage constitute legal prejudice." *Id.* (quoting *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014)).

The Court finds that Defendant will not be prejudiced by a dismissal in this case. This case is at its earliest stages. There has been minimal discovery, further discovery has been stayed, and initial disclosures pursuant to Rule 26(a) have been stayed.[2] No trial date has been set, no motions have been fully briefed (aside from the instant motion), and the Court has entered no opinions on any claims or defenses. The expense and effort expended by Defendant in preparing some discovery responses does not constitute prejudice, nor does the possibility that Defendant will face a second lawsuit. *See Blaes*, 858 F.3d at 513; *Mullen*, 770 F.3d 724.

The Court is not persuaded by Defendant's argument that it will be prejudiced because it has spent time arguing discovery issues at the Rule 16 conference, because the Court entered a stay of discovery that was "adverse" to Plaintiff, or because the state court has no equivalent to the Rule 16 conference procedure. These arguments reflect merely a potential "loss of . . . tactical advantage" that does not constitute legal prejudice. *See Mullen*, 770 F.3d at 728 (finding no prejudice resulting from dismissal based on defendant's "loss of the tactical advantage of the magistrate judge's ruling denying [the plaintiff's] motion to extend the expert deadline").

---

[2] The Court stayed all discovery, including initial disclosures, in its April 11, 2025, Preliminary Case Management Order. However, Defendant states that Plaintiff served some written discovery requests in February 2025, and that Defendant responded to Plaintiffs' requests for admission in March 2025.

Defendant's filing of a motion for summary judgment also does not establish prejudice under the circumstances present here. "While a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a motion for voluntary dismissal, it is not by itself dispositive." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993) (affirming Rule 41(a)(2) dismissal after defendants had filed a motion for summary judgment). Defendant's position in the motion is that the First Amendment's ministerial exception bars Plaintiff's federal and state law claims, and Defendant does not suggest that it cannot or will not file a similar motion if this case is refiled in state court, using largely the same case law and argument. *See Rosenthal v. Bridgestone/Firestone, Inc.,* 217 F. App'x 498, 501-02 (6th Cir. 2007) (affirming Rule 41(a)(2) dismissal and finding no legal prejudice despite pending motion for summary judgment; noting that "[w]here a defense is still available in the second action, courts are less likely to find plain legal prejudice").

In sum, after consideration of the relevant factors, the Court finds that they all weigh in favor of granting Plaintiff's motion for voluntary dismissal without prejudice. This case is at its earliest stages, Plaintiff has offered a proper explanation for the dismissal, the Court has not spent significant time or effort on this case, and Defendant will not be prejudiced by the dismissal of this case. Thus, the Court will grant Plaintiff's motion to dismiss the case without prejudice pursuant to Rule 41(a)(2). *See, e.g. Mullen,* 770 F.3d at 727 (affirming Rule 41(a)(2) dismissal where the plaintiff offered a proper explanation for the dismissal, the dismissal did not result in a waste of judicial time and effort because the case was still in the early stages of discovery, and neither the defendant's expense and effort of responding to discovery nor the defendant's loss of the tactical advantage of a favorable discovery ruling constituted legal prejudice). The Court notes that the Eighth Circuit has affirmed orders granting voluntary dismissals in cases that were much further

7

along and involved much stronger indications of wasted judicial time and effort and prejudice to the defendant. *See, e.g.*, *Blaes*, 858 F.3d at 512-13 (affirming Rule 41(a)(2) dismissal without prejudice over two years into the litigation, after the court had already overseen discovery and ruled on several *Daubert* motions).

Because the Court is granting Plaintiff's motion to dismiss this action, without prejudice, it need not address Plaintiff's alternative request to amend his complaint.

## B. Defendant's Request that Any Dismissal Should Be Conditioned on Payment of Fees and Costs

The Court next considers Defendant's argument that if the Court grants the request for dismissal, the dismissal should be conditioned upon Plaintiff's either immediately paying Defendant's attorney's fees and costs to date or paying such fees and costs in the event that he refiles any of his claims. "[P]ayment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41(a)." *Blaes*, 858 F.3d at 516  (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984)). Alternatively, the court may grant the voluntary dismissal without prejudice but order that if the plaintiff chooses to refile the action against the defendant at a later date in state or federal court, the plaintiff must then pay the defendant's fees and costs associated with the dismissed action. *See Core v. Sw. Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988); *Garner v. Union Pac. R.R. Co.*, No. 4:15CV00733 AGF, 2016 WL 612765, at *1 (E.D. Mo. Feb. 16, 2016) (granting voluntary dismissal "subject to the condition that, if Plaintiffs re-file this cause of action against some or all of these three Defendants, whether in state or federal court, Plaintiffs must pay the court costs and reasonable attorneys' fees the Defendants incurred in the instant cause of action, less any expenses for work that can be reused in the subsequent litigation."). "'The time and effort invested by the parties, and the stage to which the case had progressed' are the most important factors to consider when the court decides whether

8

to grant a dismissal with conditions." *Blaes*, 858 F.3d at 516 (quoting *Kern*, 738 F.3d at 972).

Where a voluntary dismissal occurs after a case has progressed to an advanced stage, such conditions may be required. *See Kern v.*, 738 F.2d at 969 (finding district court abused its discretion by not conditioning dismissal on payment of costs and fees in the event of refiling where the dismissal was granted after trial had already started); *Blaes*, 858 F.3d at 516 (finding district court abused its discretion by not evaluating whether costs and fees should be awarded where "the parties spent two years working on the case and the court had ruled on several *Daubert* motions" prior to the voluntary dismissal). Even where less progress has been made, courts may condition dismissal on payment of expenses where it is necessary to prevent the defendant from incurring significant duplicative expenses. *See, e.g.*, *Jeffries v. Missouri Metals, LLC*, No. 4:13-CV-1921 JAR, 2014 WL 1846305, at *3 (E.D. Mo. May 8, 2014) (conditioning voluntary dismissal on payment of costs and attorneys' fees in the event that the plaintiffs refiled a similar action where the dismissal occurred after some paper discovery and after the case had been on file for less than a year; finding such conditions warranted in light of the "significant time and efforts expended by Defendants to defend this action, as well as Plaintiffs' desire to prosecute this case in another forum"; finding "this condition will adequately protect Defendants from the burden and expense of defending the same cause of action multiple times"); *Bonner v. Daybreak Exp., Inc.*, No. 4:11CV1047 CDP, 2012 WL 262678, at *2 (E.D. Mo. Jan. 27, 2012) (holding that if the plaintiff refiled the same cause of action in state or federal court, she would be required to pay the defendant's costs, expenses, and fees of litigating the first case, except for the expenses of any discovery that will be used in the state case).

On the other hand, courts often do not impose such conditions where the dismissal occurs before the defendant has expended significant time and effort at the time of the dismissal, or where

the defendant's efforts in the dismissed litigation will be useful in any subsequent litigation. *See Mullen*, 770 F.3d at 724 (no abuse of discretion in granting voluntary dismissal without awarding fees and costs where the defendant had responded to some interrogatories and produced 3500 pages of documents because "no great progress had been made in the case" and "almost all of the efforts expended by [the defendants] can be utilized in the state litigation"); *Voss v. Union Pac. R.R. Co.,* No. 4:20-CV-00848 SEP, 2021 WL 949637, at *2 (E.D. Mo. Mar. 12, 2021) (noting that "[a]s a general rule, Courts impose few or no conditions early in a case when the defendant faces, at most, the mere prospect of relitigation in another forum"; declining to impose conditions where the costs of removal were voluntarily incurred, the defendant would have been required to file an answer whether the case was filed in state or federal court, the case had not progressed beyond its initial stages, and the court found no indication that any delay on the plaintiff's part was vexatious or taken in bad faith) (quotation marks omitted); *Radoncic v. Pinnacle Ent., Inc.*, No. 4:15-CV-00215-JCH, 2015 WL 4232797, at *2 (E.D. Mo. July 13, 2015) (declining to condition dismissal on payment of expenses and attorney's fees where the case was still in its preliminary stages, no scheduling conference had been held, discovery had not yet begun, and the materials and information gathered by the defendants in defending the action would be useful in defending the identical state action); *Beery v. Chandler*, No. 4:14CV456 RLW, 2015 WL 1526270, at *3 (E.D. Mo. Apr. 3, 2015) (declining to condition dismissal on payment of attorney's fees upon refiling although discovery had closed and the parties had filed cross-motions for summary judgment that had not yet been fully briefed; reasoning that "[a]lmost all the efforts expended thus far by [the defendant] can be used in any state court litigation" and in a counterclaim that remained pending in federal court).

The Court does not find it appropriate to condition the dismissal in this case on the payment

of costs or fees, either now or in the event that Plaintiff refiles the case in state court. This case is still in its earliest stages, and it appears that most of the work Defendant has expended thus far will be useful in any subsequent litigation. This case was just over two months old when Plaintiff sought dismissal. Almost no discovery has been exchanged, and the Court has stayed initial disclosures pursuant to Rule 26(a). The time and costs associated with preparing the joint proposed scheduling plan and attending one scheduling conference have been minimal. Although Defendant has prepared and filed an early summary judgment motion that undoubtedly took substantial time and effort, nearly all of that work will be useful if Plaintiff files his breach of contract claim in state court. The entire basis for Defendant's motion for summary judgment is that Plaintiff is considered a "minister" under the First Amendment's ministerial exception and that the ministerial exception entitles Defendant to summary judgment on *all* of Plaintiff's claims. Defendant does not suggest that it cannot or will not make the same argument if Plaintiff refiles his claim in state court. For these reasons, the Court declines to impose conditions on the dismissal.

### III.  CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Voluntarily Dismiss Action Without Prejudice (ECF No. 17) is **GRANTED.** A separate order of dismissal will be entered.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of May, 2025.

11